FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 26 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LEONE FIGUEROA,

                Petitioner,

-against-

OPINION AND ORDER
13-CV-4275 (SJF)

CHRISTOPHER DEVANE, Esq., and KATHLEEN
RICE,

                Respondents.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

Respondents Christopher Devane and Kathleen Rice have moved to dismiss the petition of Leone Figueroa's ("petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents' motion to dismiss is **GRANTED** and the petition is dismissed without prejudice.

## I. Background

On July 24, 2013, petitioner filed for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that on July 16, 2012, he was picked up from Cape Vincent Correctional Facility and transported to Nassau County Correctional Facility, where he is currently held, to face new criminal charges.[1] Petitioner was arraigned on July 23, 2012 for Burglary in the Second Degree and Criminal Mischief in the Fourth Degree.

Respondents have moved to dismiss the petition as: (1) petitioner remains in custody on pending charges; (2) has not exhausted his state court remedies; and (3) this Court presently lacks subject matter jurisdiction under 28 U.S.C. § 2254. Additionally, respondents argue that based on the doctrine of abstention, the Court should decline to exercise jurisdiction as conferred under 28 U.S.C. § 2241. Petitioner has not opposed or responded to the motion.

---

[1] The facts are taken from the petition at docket entry 1.

II. **Discussion**

A. **Exhaustion**

1. *28 U.S.C. § 2254*

Title 28 U.S.C. § 2254(a) provides, in relevant part: that a "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis added.) Because petitioner was not in custody pursuant to a State court judgment at the time he filed his § 2254 petition, relief under this section is unavailable. *See Robinson v. Sposato*, No. 11 Civ. 0191, 2012 WL 1965631, at *1 (E.D.N.Y. May 29, 2012) (granting respondents' motion to dismiss petitioner's § 2254 petition on the ground petitioner was not in custody pursuant to a State court judgment); *Crawford v. New York*, 08 Civ. 1287, 2009 WL 396308, at *1 (N.D.N.Y. Jan. 17, 2009) ("Principally, section 2254 would not apply to individuals held in pretrial custody because their custody would not result from a 'judgment' as required by that statute . . . ."). Based on the foregoing, respondents' motion to dismiss petitioner's § 2254 petition is granted.

2. *28 U.S.C. § 2241*

Title 28 U.S.C. § 2241(c)(3) provides that the "writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody in violation of the Constitution or laws or treaties of the United States." Consequently, relief under § 2241(c)(3) "contains no requirement . . . that a petitioner be 'in custody' pursuant to a judgment as a prerequisite to habeas relief." *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976); *Brodeur v. Warden of Eric M. Taylor Ctr.*, No. 12 Civ. 5545, 2013 WL 1686527, at *2 (E.D.N.Y. Apr. 18, 2013). "Although not a

-2-

statutory requirement, Section 2241 has been interpreted as requiring a petitioner to exhaust available state court or administrative remedies prior to seeking any relief thereunder in federal court." *Robinson*, 2012 WL 1965631, at *2. *See Carmona v. United States Bureau of Prisons*, 242 F.3d 629, 632-33 (2d Cir. 2001); *United States ex rel. Scranton*, 532 F.2d at 294 ("While 28 U.S.C. Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

A petitioner who has not exhausted available State court or administrative remedies may only seek a writ of habeas corpus pursuant to § 2241 if: "(1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law . . . or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." *Robinson*, 2012 WL 1965631, at *2 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Petitioner does not allege that he sought relief for his detention from the State courts and as a pretrial detainee, petitioner has not exhausted his State court remedies. Accordingly, the petition is denied and the proceeding is dismissed without prejudice based on petitioner's failure to exhaust available state court remedies.

**B. Abstention**

Even assuming petitioner could show cause for his failure to exhaust and prejudice resulting to him from the alleged violation of federal law, his petition is denied pursuant to *Younger v. Harris*, 401 U.S. 37, 54 (1971), and its progeny. "Pursuant to the Supreme Court's decision in *Younger*, absent unusual circumstances, a federal court must abstain from intervening in ongoing state criminal proceedings when adequate state relief is available." 401 U.S. at 54.

*See York v. Ward*, 538 F. Supp. 315, 317 (E.D.N.Y. 1982) ("[F]ederal court interference with state court proceedings has long been discouraged by public policy that is reflected quite plainly in . . . judicial pronouncements."). "No more is required to invoke *Younger* abstention than the *opportunity* to present federal claims in a state proceeding." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988). "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir.1995).

When petitioner commenced this proceeding, his criminal case was pending in State court, where there is ample opportunity for review of petitioner's constitutional claims, i.e., by direct appeal or collateral attack. Furthermore, New York has an important state interest in adjudicating the criminal proceedings against petitioner. *See Davis*, 851 F.2d at 76 ("There is no question that the ongoing prosecution implicates important state interests: *Younger* itself settled the importance of the state's interest in criminal proceedings."). Because petitioner has not demonstrated any extraordinary or unusual circumstances warranting immediate relief not available in the State system, respondent's motion to dismiss is granted.

### III. Conclusion

For the foregoing reasons, respondents' motion to dismiss is **GRANTED**, the petition is **DENIED**, and the proceeding is dismissed without prejudice. Accordingly, the Clerk of the Court shall close this case. The Court certifies that any appeal from this Order would not be

taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 26, 2014
      Central Islip, New York

                                              s/ Sandra J. Feuerstein
                                              Sandra J. Feuerstein, U.S.D.J.